## NEW JERSEY FIDELITY & PLATE GLASS INS. CO. v. NOLAND CO.

No. 5731.

Court of Appeals of the District of Columbia.

Argued March 10, 1933.

Decided April 10, 1933.

Rehearing Denied April 28, 1933.

Robert C. Handwerk and Arthur J. Hilland, both of Washington, D. C., for appellant.

Bynum E. Hinton, H. Winship Wheatley, Alexander M. Heron, and H. Winship Wheatley, Jr., all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

It appears in this case that the owners of a certain lot in Silver Spring, Md., determined to erect a building thereon. They entered into a contract with the Avery-Burns Construction Company, hereinafter called the construction company, for the erection of the building, and at the same time secured a construction loan from the Title & Investment Company of Maryland, hereinafter called the investment company. The appellant, New Jersey Fidelity & Plate Glass Insurance Company, hereinafter called the insurance company, issued a completion bond to the investment company, as security for its loan upon the property. It was agreed that the proceeds of the construction loan should be deposited in installments in the Liberty National Bank as the work proceeded, and that the funds so deposited should be paid out upon checks to be issued by the construction company countersigned by the insurance company.

In the course of the construction, one McCutcheon became the subcontractor for the heating equipment in the building, and, in order to perform the contract, he applied to the Noland Company, appellee herein, for the purchase of certain materials necessary for the work. On April 19, 1928, after negotiations between them, McCutcheon delivered to the Noland Company an order signed by the construction company directing it to deliver to McCutcheon the necessary materials to the amount of $1,200, which order bore the words, "Accepted. New Jersey Fidelity & Plate Glass Ins. Co., by George W. Price, attorney in fact." The order and acceptance, which appear as Exhibit A in the record, read as follows:

"Noland Company, Incorporated
"General Office, Newport News, Va.
"Wholesale Plumbing, Heating & Mill Supplies

"Washington, D. C., April 19, 1928.
"Deliver to Walter McCutcheon, steamfitter for house no. —, Smith's 3rd Add. to Silver Spring Maple Lane, Lot. nos 5-6-7, square No. 12, of which I am the Owner, Heating Materials, etc., to the amount of Twelve hundred Dollars ($1,200), and which I or we promise to pay as follows: 10th of month following date of delivery.
"[Signed] Avery-Burns Const. Co., Inc.
    "George C. Burns.
"Approved.
"Accepted: New Jersey Fidelity & Plate Glass Ins. Company,
    "By George H. Price, Attorney in Fact."

The materials thus mentioned were thereupon sold and delivered to McCutcheon by the Noland Company and were used in the construction of the building. Certain funds advanced from time to time by the investment company upon its loan were deposited in the Liberty National Bank, in the manner agreed upon, and were drawn out upon the check of the construction company, approved by the agent of the insurance company. Before the completion of the building, the construction company became insolvent and abandoned the job, leaving the amount owing to the Noland Company entirely unpaid. The property was then sold under the deed of trust held by the investment company.

The Noland Company then filed a declaration in the present case claiming judgment against the insurance company as defendant upon three counts, stating, first, that, by means of the order and acceptance aforesaid, the defendant had guaranteed the payment of the amount of the account to plaintiff, and that the plaintiff had accepted the promise and guaranty of defendant and delivered the materials to McCutcheon in reliance thereon; second, that the plaintiff had sold the materials in question to McCutcheon on the promise of the construction company and the defendant to pay for the same upon the 10th day of the month following the date of the invoice; and, third, that the defendant had accepted the order for the amount and afterwards had been in possession of funds or credits of the construction company with which to pay the same, but had wholly failed and still fails so to do.

The defendant filed a plea to the declaration wherein it denied that it had requested or contracted with the plaintiff company to furnish materials to McCutcheon in the sum of $1,200, or any sum, and denied that it had promised or guaranteed the payment of such sum to plaintiff as claimed in the declaration, but alleged that through its agent it had accepted the order, a copy of which is attached to the declaration, to be paid out of the joint account in bank over which the construction company had control to the extent of deciding what money should be paid and to whom; that during the progress of the building the construction company as contractor had defaulted and discontinued building operations, and under the terms of its agreement the investment company had ceased its payments upon the building contract, it having paid in full according to the contract up to the time of the default; and that at the time of the demand of the plaintiff

company there were no funds in the account out of which the plaintiff's claim could be paid. Defendant alleged that it had no interest in and to such fund except to see that it was properly distributed, and could and did only distribute the same upon the order of the construction company as work was done and materials furnished in and about the construction of the building; that the money was payable as funds were in hand and on the order of the construction company, whose signature was necessary in conjunction with that of the defendant company for such payments.

The case was tried upon testimony to the jury, and a verdict returned for the plaintiff in the sum of $1,200 and interest. Judgment was entered accordingly, whereupon this appeal was taken.

There are numerous assignments of error presented by the appellant, among them a claim that the court erred in denying the prayers for instructions to the jury submitted by appellant, also in admitting the aforesaid order and acceptance in evidence, as well as the declarations of witnesses Deland and Price, when it was not shown that either of these parties had authority to sign the defendant's name to the paper writing, or to otherwise make a contract of guaranty, purchase, or acceptance for the defendant. These exceptions relate chiefly to the question whether George H. Price, who signed the acceptance as attorney in fact for the defendant company, was authorized or empowered by the company to execute such an instrument. This issue, however, is not raised by the pleadings, for in the defendant's plea it is stated that the defendant company "through its agent accepted the order, a copy of which is attached to plaintiff's pleadings as exhibit A, to be payable out of the joint account over which the Avery-Burns Construction Company had control to the extent of saying or deciding what money should be paid and to whom"; it is also stated in the plea "that this defendant company did not request or contract with plaintiff company to furnish materials to one Walter McCutcheon in the amount of $1,200 as claimed in the declaration, but simply through its agent accepted the order, a copy of which is attached to plaintiff's pleadings as exhibit A, to be payable out of the joint account over which the Avery-Burns Construction Company had control to the extent of saying or deciding what money should be paid and to whom"; it is repeated in the plea "that defendant simply, through its agent, accepted the order, a copy of which is attached to plaintiff's pleadings as exhibit A, to be payable out of the joint account over which the Avery-Burns Construction Company had control to the extent of saying or deciding what money should be paid and to whom."

It therefore appears that the defendant company did not deny the execution of the acceptance by its agent, but disputed the interpretation placed upon that instrument by the plaintiff company. The issue accordingly is whether the acceptance created a binding obligation upon the defendant company, either as purchaser or guarantor, to pay for the materials thereby referred to, or was no more than a promise to countersign a check in payment thereof, if drawn by the construction company against the funds to be deposited in bank by the investment company.

The court instructed the jury upon this issue in part as follows:

"This written instrument which has been read in evidence and designated as Plaintiff's Exhibit No. 1 and which I have referred to reads as follows (the court here read the so-called order and acceptance): 'The defendant claims that the word "accepted" means, and was intended by the parties to mean, that the defendant simply, through its agent, accepted the order to be payable out of the joint account over which the Avery-Burns Construction Company had control to the extent of saying or deciding what money should be paid, and to whom, and that it was not to be paid out of the funds of the defendant.'

"It is for the jury to determine from all the facts and circumstances just what meaning the parties intended to attach to the word 'accepted' and in determining this question you may consider conversations, if any, had between the parties signing the instrument; the demands, if any, made by the plaintiff through its agents; whether the construction of the buildings had so far progressed as to require the immediate installation of the heating plant; what efforts, if any, had been made to obtain materials for the heating plant; and all the surrounding circumstances properly applicable to the situation as it existed at the time this written instrument was signed, and all other facts and circumstances that will enable you to arrive at the intention of the parties and the meaning they gave, or intended to give, to the word 'accepted.'

"The court instructs you that unless the plaintiff has shown and you believe by a fair preponderance of the evidence that the defendant by the word 'accepted' guaranteed

payment of the sum of $1,200 out of its own funds or actually purchased and promised to pay for materials of the value of $1,200, or agreed to accept the order of Avery-Burns Construction Company for payment out of its own funds, your verdict must be for the defendant."

Upon this issue the jury found in favor of the plaintiff company, and we think that the verdict is sustained by the evidence. It appears from the record that the insurance company had guaranteed by the condition of its completion bond that the building in question should be completed within six months from the date thereof, according to the plans and specifications filed with the investment company and free from liens for labor and materials. It appears also that the Noland Company was holding up the construction work until they received an order satisfactory to them, guaranteeing the account for the price of the materials; that Price, the company's agent, was acquainted with the conditions of the construction and was advised as to what progress was being made in the work, and that in protecting the rights of the company on its completion bond as surety, he saw to it that the work was completed as quickly as possible, and that no delay in the construction of the work would be permitted; also that in instances where there was a delay in the work some one in his office would see to the adjustment of the delay so that the construction would be completed in time to comply with the terms of the completion bond; and that, if the construction of a building on which they had given a completion bond was delayed by reason of failure to install heating equipment, it would possibly make his company liable on such bond, and he would arrange to prevent any further delay in the installation of heating so that the work of construction would be completed in accordance with the terms of the construction bond. Accordingly, in a conference with the Noland Company, Price said, in reference to the acceptance, "All right, I guess we will have to sign this paper because we have got to get the houses completed, and the heating work is holding them up."

The order was then signed by him. Upon the receipt of the order and acceptance, the Noland Company furnished the materials to the value of $1,200 to McCutcheon, and they were used in the construction of the building. The interest which the insurance company had in providing these materials for McCutcheon in order that he might install them in the building is clear. The conditions of the completion bond would be broken if the materials could not be procured in time. The company therefore had a plain financial interest in providing the materials for McCutcheon, and, when the materials were provided, they were installed in the building and to that extent served to discharge the obligation of the completion bond executed by the defendant company.

Under these circumstances and in the light of the testimony contained in the record, we think that the jury was justified in finding that the so-called acceptance, signed for the company by its agent, imposed an obligation upon the company to see to it that the debt thereby created should be discharged, and that the Noland Company was entitled to receive and act upon the acceptance with that understanding. This disposes of the real issue in the case, and the various assignments of error relating to other questions are immaterial and do not require separate discussion.

Accordingly, we affirm the judgment of the lower court with costs.